UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
UNITED STATES OF AMERICA
                                                              :   CONSENT PRELIMINARY ORDER
           - v. -                                             :   OF FORFEITURE/
                                                              :   MONEY JUDGMENT
DIMITRIOS LYMBERATOS,
                                                              :   S1 21 Cr. 170 (MKV)
           Defendant.
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 3, 2021, DIMITRIOS LYMBERATOS (the "Defendant"), was charged in a five count Superseding Information, S1 21 Cr. 170 (MKV) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); obstruction of justice, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2 (Count Four); and false statement relating to health care matters, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2 (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Counts Two and Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts Two and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Five of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency, representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, the Information included a fourth forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about December 3, 2021, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Five of the

Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(7), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), a sum of money of at least $500,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information, and the property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $500,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jacob R. Fiddelman and Kedar S. Bhatia, of counsel, and the Defendant and his counsel, Jeffrey Lichtman, Esq. and Jeffrey Einhorn, Esq., that:

1.  As a result of the offenses charged in Counts One through Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $500,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant

personally obtained, and the property involved in the offense charged in Count Three of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant DIMITRIOS LYMBERATOS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     4/24/2023
JACOB R. FIDDELMAN                      DATE
KEDAR S. BHATIA
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1024/2465

DIMITRIOS LYMBERATOS

By: _____     4/24/23
DIMITRIOS LYMBERATOS                    DATE

By: _____     2-24-23
JEFFREY LICHTMAN, ESQ.                  DATE
JEFFREY EINHORN, ESQ.
Attorneys for Defendant
11 East 44th Street, Suite 501
New York, New York 10017

SO ORDERED:

_____         4/24/23
HONORABLE MARY KAY VYSKOCIL             DATE
UNITED STATES DISTRICT JUDGE